UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY KONRATH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:16-CV-627 WL |
|  | ) |  |
| WESTVILLE CORRECTIONAL FACILITY, and C/O HUGHES, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

OPINION AND ORDER

Gregory Konrath, a pro se prisoner, filed this lawsuit seeking monetary damages from the defendants because they charged and punished him for a prison disciplinary violation. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In WCC 16-09-144, Konrath was found guilty of having violated State law and was sanctioned with the loss of 27 days earned credit time. DE 1-1 at 4 and DE 8 at 4. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (citation and quotation marks omitted). *Edwards*

made clear that this rule applies to prison disciplinary proceedings where the inmate lost earned credit time because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore Konrath may not proceed with these claims until after the underlying prison disciplinary proceeding is overturned.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, Konrath has filed two supplements to his complaint showing that this prison disciplinary proceeding was affirmed on appeal as recently as October 20, 2016. DE 8 at 2 and DE 11 at 2.

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED: November 23, 2016

                                                  s/William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court